Good morning. Gary Wesley, Your Honor, appearing on behalf of Appellant Christopher Flores and myself. Your Honor, this case is on appeal after a bankruptcy judge granted summary judgment in an adversary proceeding filed by an attorney for a debtor based on the alleged violation, first of an automatic stay and then of a discharge order in a Chapter 13 bankruptcy. Let me go to my conclusion so you know where I'm going. Based on the record on summary judgment, neither I nor my client did anything to violate an automatic stay. The discharge order in this case was not specific or definite such that a contempt proceeding could be adjudicated based on that order. No evidence was presented that Mr. Oh, the debtor, paid or owed his for any time that was spent. There is no provision in the law for filing an adversary proceeding to adjudicate the matter of a violation of an automatic stay or a discharge. How about a contempt proceeding? Absolutely. That's what the remedy is. Under 105 of the Code. Isn't that what was done? No. There was an adversary proceeding filed. It raised the issue of contempt and ultimately the judge determined that there was civil contempt in the case on summary judgment. I mean, you know, the judge may not have followed, the parties may not have followed all the niceties of a pure contempt proceeding, such as getting an order to show cause and whatnot. But here, what they filed raised the whole issue of contempt and that's the way the judge treated it. What's wrong with that? Well, what was wrong with it? And you want, you know, you're looking for procedural niceties over the substance of what happened here. Well, no, I'm actually looking for people not running up in attorney's fees bill. And if there's a motion for contempt. Well, let me ask you this. What was doubtful or not clear about the discharge order? Well, the discharge order reads that Mr. Oh is discharged from all debts provided for by the plan, except the debtor is not discharged for any debt made non-dischargeable by, and a series of code sections are cited. And then it says, or by any other applicable provision of law. So for an attorney to know whether a debt was discharged, he has to go and determine whether or not the debt involved was part of the reorganization plan in the law to determine, based on this order, whether there's any applicable provision of law that may have resulted in this debt not being discharged. And what I told the judge. Weren't you told at the June 2005 status conference, no mocks, stop what you're doing? No, that had nothing to do with what I was doing. What it had to do with was I filed an adversary proceeding to have the judge determine whether this debt could be discharged. And the judge said to me, you don't need to file that. You can't even raise that issue in a Chapter 13. Don't be filing an adversary. The only time when you need to file an adversary is if he converts to a Chapter 7. And so what I took from those statements was that this debt would not be discharged in a 13, but would be. Why would you take, why would you infer that from what the judge said? Well, I inferred that because. Well, he said, he said no, or I don't know who it was, the bankruptcy judge. But what the judge said was, you can't, there's no discharge proceeding available here. He, he, but he went on to say, but there would be if there were a Chapter 7. And that's why I took it to mean that there'd be no discharge of this debt. And I was also aware of the fact that Section 523A2, and this is what I said to the judge, provides with respect to a, a discharge under 1328, that it does not discharge an individual debtor from any debt for money to the extent obtained by false pretenses, a false representation, or actual fraud. That's the language of the statute. And that's what I was relying upon, along with, with what the judge said to me. Mr. Wesley, I. How, how does that get litigated in a Chapter 13? How, there is a right in those circumstances, fraud and so forth, that, that those are not dischargeable. How does that get litigated? I, I, the judge didn't explain that, and it didn't come up in our case. And that question might be asked of the bankruptcy lawyer who's here on the other side. But as I understand it now, the issue would be raised in connection with the reorganization plan. That is, before the plan is approved, you, you raise the issue of dischargeability by motion, but not by an adversary proceeding, and see if you can get that determination. In. Mr. Wesley, my, my question to you that was earlier was talking about a status conference at the Santa Clara Superior Court, not bankruptcy court. Yes. As I understand it, on June 9th, you were at a status conference, and then Mr. Miller told you, you can't do what you're doing. And as I understand the record, you continued to prosecute the state claims. Well, first of all, that's after the discharge order. And so he showed up and said, look, there's a discharge order that applies here. And I said, as far as I know, that discharge order doesn't apply to this debt. And that was my belief. And the law is, and we've cited the cases, including NRA, Zilog, Inc., that in order to be held in contempt, civil compensatory contempt, I have to know that I was violating this discharge order, and certainly I did not, which is why as soon as the automatic stay was lifted by the end of the case and the discharge order, I resumed the state court case quite openly, served everybody involved. And that's why when the issue of whether or not I could proceed and whether there had been a discharge arose, I immediately wrote the bankruptcy judge and raised this issue with him. I want to make sure I understand what you're telling me. So you had a lawyer telling you what you're doing violates the discharge order, and you disagreed with that? That's right. That's true. So what actually happened after the discharge order is that the attorney for the debtor filed a notice with the court where he made two inconsistent statements. He said there's still a stay, there's still an automatic stay, and then there's a discharge order, and for each of those reasons, don't be proceeding with the case. It wasn't true that there was a stay anymore because if there's a discharge order, there is no longer a stay, so that wasn't an accurate statement. So the same lawyers are telling me, who filed that inconsistent statement, that their position is on behalf of their client that this debt was discharged, and that's what happened in the case. With regard to the matter of violating the automatic stay, I didn't do anything, and what happens in state court cases where there is a bankruptcy filed is that the state court judges schedule status conferences, and what happened here is that the attorney for the debtor from San Diego didn't show up, and so the judge on his own ordered him to show up, and the only way that I could have controlled that, and he knew about the bankruptcy, did the judge because two notices of the bankruptcy had been filed. So that's what the judges do, and the only way that I can stop that is to dismiss the case. The reason that the judges have status conferences is that people who file bankruptcy may not pursue them to the end, and they may not receive any discharge, and second, not all debts are discharged in a bankruptcy, and for those same reasons, I'm under no obligation to simply dismiss a case because somebody has filed a bankruptcy. And so having no duty to dismiss the case, they can't identify anything that I did or failed to do that violated the automatic stay. Did you want to save some time for rebuttal? Yes, I will, Your Honor. Okay, you've got a minute and a half. Thank you. May it please the Court, Lila Menon from the Law Offices of David Boone for the appellee, James Snydero. Could you move that mic down just a little bit? Sure. Is that better? I'm having a hard time hearing you. Okay. May it please the Court, Lila Menon from the appellee, James Snydero. And, Your Honor, I'd just like to open by saying that the grant of summary judgment in the by the bankruptcy appellate panel, the affirmation of the grant of summary judgment by the bankruptcy judge by the bankruptcy appellate panel was proper in this case. There was clearly both violations of the stay and violations of the discharge injunction. The law was properly applied, and the damages, which were really a conservative fee award in this instance, was also proper. The three main arguments of the appellant in this case really have no merit, and this appeal is largely frivolous and is an attempt just for delay. How does it work in a Chapter 13 situation when a creditor says that this debt should not be discharged because it was involved with fraud? The Judge Weisbrot said you can't bring it now, not here, now. When can that ever be brought? Your Honor, in this case, an adversary complaint was filed by Mr. Wesley seeking non-dischargeability of the debt based on fraud. In a Chapter 13, dischargeability for fraud remains dischargeable, and no cause of action that alleges which is based upon fraud maybe is available because causes of any damages for fraud are dischargeable in a Chapter 13, but not so in a 7, which is why the judge indicated that if the case was dismissed or if the case was converted to a Chapter 7, the remedy, they could refile an adversary in the Chapter 7 proceedings. Is that because the Chapter 13 works out a payment plan for all the debts? Yes. And under 1328, I believe there's no fraud. Fraud does not. It's dischargeable. Was this particular cause of action or debt, whatever, it was listed in the ---- It was listed in the bankruptcy petition. We had noticed the Christopher Glenn Flores's then-attorney, Mervyn Emrick, Melvin Emrick, he was in the schedules. No proof of claim was filed on behalf of Christopher Glenn Flores in the bankruptcy case, and Mr. Wesley did dismiss his adversary on the alleging non-dischargeability, I believe, in April of 04 at the judge's request. And after he considered it, he voluntarily dismissed the action. Your Honor, the suggestions that we're merely running up a bill is just absurd. Could you have proceeded a little bit more efficiently? Could you have just petitioned to reopen the bankruptcy as opposed to litigating or move immediately the State case to the Bankruptcy Court? A removal action, I think, would have ---- I don't know what the speed of that would have been, but we chose this path, and it is what it is at this time. I'm not sure that it would have been faster. This is a method that we've used. By then, it was so extreme we joined the State court judge. We were in a never-ending State court proceeding. We had been in ---- we would have been in two adversary proceedings and now two appeals. So this is, as the bankruptcy appellate panel noted, this is probably the most egregious case of violation of the discharge injunction that they've ever seen. And I think, you know, normally one letter or one notice of stay of proceedings is all it takes for us to cease collection efforts and legal efforts. So I gather this particular ---- because there's no claim was filed in the bankruptcy proceeding by that lawyer or whatever, that was not part of the discharge plan. No. If no claim is filed, the debt is discharged. Nevertheless, you have an opportunity to file a claim. If you fail to do so and the debt is listed, it's still discharged. It's discharged. Yes. There's no requirement that the discharge order specifically name every creditor that's discharged. It's a statutory order. What's important is what's listed when the petition is filed. Petition is filed. And Mr. Wesley and his client were well aware of the bankruptcy. There was no question that they weren't aware of it. They ---- Let me just ask you a little procedural question. As your opponent started off with, this was all this proceeding was initiated through your own adversary proceeding. First, Mr. ---- No, but this contempt matter. Yes. It wasn't a traditional. Usually, when you think about contempt, you think about an order to show cause and bring it on for a hearing and all that kind of stuff. I did. This was initiated a little bit differently. Your Honor, we in our office, I addressed this with Ms. Tavoon. The order to show cause procedure is something that, as a matter of practice, has not been something that the attorneys have done for a long while, I think, from probably back in the 70s. Since then, I think, we've ---- it's only been done by adversary. I haven't seen too many orders to show cause in my practice either. Well, we still do that in bankruptcy. I mean, district court judges still do that. Yes. In bankruptcy court, the cause for violation of the stay not so much, nor by motion. Okay. To sum up, Your Honors, I'd just like to say that we'd really like published decision or something from you to really indicate the parameters of what the stay is, what the discharge injunction is, so that we will not have to litigate this. This is not an area of practice that we want to invest a great deal of time in, and it's not our way to make money. We want to be able to just protect our clients and have these fundamental bankruptcy protections available to our clients and not have to come to court and ensure that the orders are not violated. Your opponent says that the discharge order was not specific enough to be followed, and as he was reading it, the discharge order says something like, with the exception of those things that are listed in section such and such, which would make something non-dischargeable. Yes, Your Honor, but those specific sections quoted bear no relevance to the case at hand. But that was specified, was it not, in the discharge order? It was in the discharge order. Well, if it isn't relevant, why was it in there? I misunderstand, Your Honor.  Well, it was in the order that the exception to the discharge were those things that were listed in the various sections that would make something non-dischargeable. And the fraud allegation in this instance is not encompassed in those other sections cited in the actual order. I believe the sections in that order refer to criminal restitution and some other things that are just not on point. The general wording that, and other things, I believe there's some language that says, and other matters, not usually discharged. The understanding is that you would have to, upon notice and hearing, have it determined in an adversary proceeding that a certain debt was non-dischargeable before you could take advantage of just deeming yours to be non-dischargeable. Isn't that what he tried to do? Exactly. And Judge Weisbrot said, you can't do it now? That's correct, Your Honor. So if he couldn't do it, you're saying that he should have done it, but Judge Weisbrot said he couldn't do it. Well, he couldn't do it because in Chapter 13, fraud is dischargeable. So his action was irrelevant and could not be, he would not have been successful in an adversary proceeding to have his debt determined non-dischargeable. And without that, the discharge order is binding. Okay. After the discharge order was, everything had been completed, he could have tried to fit in one of those exceptions, but he didn't. Well, it wasn't available to him to fit in any of the exceptions, because his adversary in the proceeding was already denied and not available. Fraud was dischargeable in Chapter 13. Thank you. All right.  Mr. Wess, you have a minute and a half. Thank you, Your Honor. First of all, the last phrase of the discharge order is or by any other applicable provision of law. So it left it to attorneys to figure out whether something was non-dischargeable, looking at any other provisions of law, not just the code sections listed. So what led you to determine that it was dischargeable? Because, as I quoted to you, 11 U.S.C. 523A2 says, with respect specifically to a 1328 discharge, that's in a Chapter 13 case, that such a discharge, quote, does not discharge an individual debtor from any debt for money to the extent obtained by false pretenses, a false representation, or actual fraud. In other words, I'm telling you that as I read this, and we haven't separately briefed it, you can challenge a discharge based on fraud. Now, if you wanted to make clear that unless the judge has ruled that a debt is not discharged, then it's not, then you could put that in your order and you could say that a discharge order releases all debts, except as provided in these code sections, and then say as determined by this court in this case to be non-dischargeable. If you said that, then I could just look at this case and know that this debt had not been ruled non-dischargeable in the case. But that isn't the order that they provided. Okay. Is fraud non-dischargeable in a Chapter 13? I don't believe it is, and I've just cited the code section that says, with respect to a Chapter 13, that this provision for non-dischargeability applies. And the question is, how do you do it? And the answer from the bankruptcy lawyer was it can't be done. My answer was it has to be done in connection with the reorganization. So you answered Judge Huck's question kind of confusingly. So it's your position, reading that provision you just read to us, that in a Chapter 13 case, a debt that's based on fraud is subject to dischargeability. It can be determined by the bankruptcy court that it's non-dischargeable. That's how I read it. That's how you read that. That is how I read this to this day. Okay. And I quoted the code section. Okay. And the question is, how do you do it? So counsel's statement here to us that it's in the bankruptcy judge's representation at the hearing, they're just dead wrong. Well, the bankruptcy judge didn't say anything at the hearing except a confused statement about how in this type of proceeding you couldn't use an adversary in a 13, but you could use it if it ever became a 7. Discharge a debt based on fraud. Well, he said a lot of odd things, I thought, but I drew an inference from that. Thank you. Over to your side. Thank you. O versus Wesley is submitted. Thank you.
judges: Carney, Hug, Paez